0095

Saul PRICE, Appellant, v. E. M. WATT, Carroll Bennett, Naomi Sanders, Frank M. Segars, Henry L. Jackson, Guy R. Dyke, and Furman Avin, as Trustees of School District No. 2, Sumter County, Sumter, South Carolina, Respondents.

(313 S. E. (2d) 58)

Court of Appeals

*David W. Goldman,* of *Bryan, Bahnmuller, King, Goldman & McElveen,* Sumter, *for appellant.*

*Kenneth L. Childs* and *Emma Ruth St. Pierre,* of *Childs, Duff & St. Pierre,* Columbia, *for respondents.*

Heard Jan. 25, 1984.

Decided Feb. 24, 1984.

SANDERS, Chief Judge:

Appellant Saul Price, a public school teacher, alleges respondents, Trustees of Sumter County School District No. 2, failed to comply with the South Carolina Education Finance Act of 1977. Price seeks additional salary allegedly owed him for the 1979-1980 school year. We affirm the circuit court's grant of the School District's motion for involuntary nonsuit.

As a vocational agriculture teacher for the School District since 1952, Price holds both Bachelor of Science and Master of Education degrees. His competence is not questioned, as reflected by comments before the trial judge in which counsel for the School District stated Price has been "an excellent, outstanding teacher in Sumter schools."

Until the 1979-1980 school year, Price's last before retirement, his yearly contracts were all for 240 days (not the standard 185 days), 55 of which were devoted to summer programs. He was paid a total of $17,256 in 1977-1978 and $19,322 in 1978-1979. In 1979-1980 he received a total of $18,033, having signed a 185-day contract. This contract contained special provisions for an additional 55 days which paid only $42 a day, approximately one-half his daily pay during the regular school year.

Price testified he voluntarily signed the 1979-1980 contract but did so because he had a family to support. He was aware of at least one colleague who chose not to work the extra days at the lower rate of pay. According to further testimony by Price, the summer work he performed during the additional 55 days in 1979-1980 was the same as that he performed during the summer under his 240-day contracts in the 1977-1978 and 1978-1979 school years.

The Education Finance Act, codified in section 59-20-10 *et seq.*, became effective July 2, 1978. Section 59-20-50(4)(a), the provision now in question, provides as follows:

> Each school district shall pay each certified teacher or administrator an annual salary at least equal to the salary stated in the statewide minimum salary schedule for the person's experience and class. No teacher or ad-

ministrator employed in the same position, over the same time period, shall receive less total salary, including any normal incremental increase, than that teacher or administrator received for the fiscal year prior to the implementation of this article.

Price now argues the trial judge erred in finding he did not earn "less total salary" in 1979-1980 than he did in 1977-1978. He contends the opposite conclusion would have been reached had his pay raises been included as "normal incremental increases" under the Act. Price further argues his daily rate of pay in those two years shows a decrease in pay in violation of the Act.

The School District contends pay raises are not "normal incremental increases" within the meaning of the statute. It also asserts that in comparison to the fiscal year prior to implementation of the Act, Price's 1979-1980 summer pay was decreased, not his total salary.

Section 59-20-50(4)(a) requires "an annual salary at least equal to the statewide minimum salary schedule for the person's *experience and class.*" (Emphasis added.) It also requires no less total salary, including normal incremental increases, than received for the base year 1977-1978. During oral argument, counsel for Price conceded his client's 1979-1980 total salary exceeded both the amount under the minimum salary schedule and the amount he received in the base year alone. The question therefore becomes one of whether his total salary was less than that received in the base year when "normal incremental increases" are included.

Normal incremental increases have been interpreted as those increases to which teachers are entitled by virtue of certification and experience. 1978 Op. Att'y Gen. 154 (June 20, 1978).[1] Incremental increases based upon experience cease under both the state and county minimum salary schedules after a teacher attains 17 years' experience. By virtue of his length of service, Price falls into this category. Therefore, he received no normal incremental increases since

---

[1] While this Court is not bound by an opinion of our Attorney General, it should not be disregarded without cogent reason. *Marchant, Adjutant General v. Hamilton*, 309 S. E. (2d) 781 (S. C. App. 1983) citing *Etiwan Fertilizer Co. v. South Carolina Tax Commission*, 217 S. C. 354, 60 S. E. (2d) 682 (1950).

the base year 1977-1978, unless pay raises are considered. Price has cited no authority for the proposition that legislated statewide teachers' pay raises should be considered normal incremental increases for purposes of determining total salary. Nor do we believe the legislature intended such pay raises be included in that determination.

There is no basis for Price's contention that the Act is violated because his daily rate of pay in 1979-1980 shows a decrease from that received in the base year. The statute does not prohibit reduction of a daily salary rate as long as the teacher or administrator receives "no less total salary" (for employment in the same position, over the same time period) than that received in the base year.

In deciding a motion for an involuntary nonsuit, the trial court and this court on appeal must view the evidence and all reasonable inferences drawn therefrom in the light most favorable to the party resisting the motion. *Peoples Life Insurance Company of South Carolina v. Community Bank*, 278 S. C. 70, 292 S. E. (2d) 188 (1982); *Gibson v. Gross*, 311 S. E. (2d) 736 (S. C. App. 1983). Under such a view, we hold the trial judge properly determined as a matter of law that the School District had complied with section 59-20-50(4)(a), and that Price was not paid less total salary, including normal incremental increases, for the 1979-1980 school year than he received for the base year of 1977-1978.

Accordingly, the order of the trial court is

Affirmed.

SHAW and BELL, JJ., concur.